IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODNEY ALLEN MAGUIRE, SR.,

    Petitioner,

v.

BRIDGETTE AMSBERRY,

    Respondent.

Case No. 2:14-cv-00940-JO

OPINION AND ORDER

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Rape, Sexual Penetration, and Burglary. Because petitioner failed to timely file this action, his Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

On April 10, 2003, petitioner broke into a woman's apartment and sexually assaulted her. On December 30, 2003, authorities had still not developed any suspects and therefore deactivated the case. Petitioner's Exhibits, p. 1. They did, however, possess the assailant's DNA from the crime and routinely checked the DNA database for a match. *Id.*

Two years after the commission of the crime, petitioner's DNA came up as a match following his arrest for the felony charge of Attempting to Elude. *Id* at 2. As a result, the Marion County Grand Jury charged petitioner with Rape in the First Degree, Unlawful Sexual Penetration in the First Degree, and Burglary in the First Degree. Respondent's Exhibit 102.

A jury convicted petitioner of all three charges, and the trial court imposed consecutive 130 and 144-month sentences for the Rape and Unlawful Sexual Penetration convictions. Respondent's Exhibit 104, p. 18. The court also imposed a 40-month sentence on the Burglary conviction, but ran that sentence concurrently to the other convictions. *Id.*

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion.

*State v. Maguire*, 222 Or. App. 213, 193 P.3d 629 (2008). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 120. The Oregon Court of Appeals affirmed that decision without opinion. *Maguire v. Coursey*, 239 Or. App. 187, 245 P.3d 710 (2010). Petitioner did not seek review in the Oregon Supreme Court, and the appellate judgment issued on February 7, 2011. Respondent's Exhibit 123.

More than three years later, petitioner filed his federal Petition for Writ of Habeas Corpus on May 16, 2014.[1] Respondent asks the court to dismiss the Petition because it is untimely. Petitioner does not dispute that his Petition is untimely, but asks the court to either equitably toll the statute of limitations due to circumstances outside his control, or excuse the statute of limitations failure because he is actually innocent.

## DISCUSSION

### I. Equitable Tolling

Habeas corpus petitioners must generally file their federal challenges to their state convictions within one year of the time those convictions become final by the conclusion of their direct review. 28 U.S.C. 2244(d)(1)(A). Equitable tolling is available to toll the one-year statute of limitations available to 28

---

[1] This represents the date petitioner signed his Petition. Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000).

3 - OPINION AND ORDER

U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

According to petitioner, he experienced a communication failure with his PCR appellate counsel that contributed to his delay in filing this case. He asks the court to conduct an evidentiary hearing so he can testify to the facts pertaining to that communication failure. Petitioner's request for an evidentiary hearing is denied where he fails to specifically allege what facts he might be able to establish at an evidentiary hearing that could support a favorable decision on the equitable tolling. *See Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (petitioner must show what evidence of material import would be adduced at a requested evidentiary hearing). In the absence of any such factual assertions, and where petitioner alleges only that a communication failure "contributed" to the untimely filing of this case, he fails to make a plausible showing that this "extraordinary exclusion" should apply to him.
///

## II. Actual Innocence

A petitioner who fails to comply with the one-year statute of limitations may also overcome the default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924, 1928 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

According to petitioner, he is actually innocent of the underlying sexual assault because he was not in Marion County when the attack took place. He claims he was out of town assisting his father with the construction of a shed, and that the DNA test implicating him must have been the result of tampering or mistakes in the process. He does not support this claim of innocence with another DNA test or an affidavit from his father. Instead, he has provided three undated photographs which depict three men working on a construction project at an undisclosed location.

To the extent these photographs constitute new evidence under *Schlup*, they have no probative value. Similarly, petitioner's blanket assertions, without any supporting evidence, that the State either tampered with or mishandled his DNA test

does not serve to invalidate the earlier test, nor does it establish his factual innocence. Where petitioner is a DNA match with the perpetrator of the crime, and where the "frequency of occurrence of an unrelated individual from a random population exhibiting this profile is less than 1 in 10 billion in Caucasians, African Americans, and Hispanics[,]" petitioner fails to establish his actual innocence under *Schlup's* standards. Petitioner's Exhibits, p. 14. Accordingly, petitioner is unable to excuse his untimely filing.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 24th day of February, 2016.

Robert E. Jones
United States District Judge